# CILENTI & COOPER, PLLC
## ATTORNEYS AT LAW
60 East 42nd Street - 40th Floor
New York, New York 10165

_____

Telephone (212) 209-3933
Facsimile (212) 209-7102

March 16, 2023

**REQUEST FOR APPROVAL OF
FLSA SETTLEMENT**

<u>**VIA ECF**</u>
Honorable James R. Cho, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re :  *Oswaldo Navarrete & Amadeo de la Cruz v. El Popo Mini Mkt., et. al.*
    Case No.:  22 Civ. 2341 (JRC)

Dear Judge Cho,

    We are counsel for the plaintiffs in the above-captioned matter. We write jointly with counsel for the defendants, to respectfully request that Your Honor approve the settlement reached in this case, provided with this letter, and dismiss the action in its entirety with prejudice while retaining jurisdiction to enforce the parties' settlement. The case has been referred to this court for all purposes [Docket 23] and the settlement was reached after extended negotiations with Your Honor's assistance on January 27, 2023 and as such, Your Honor was in a position to evaluate the merits of the claim and defenses and observe the arms-length nature of the good faith settlement discussions which the court facilitated.

    **Nature of the Action and Settlement**

    This is an action for unpaid wages under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.*, ("FLSA"), and the New York Labor Law, §§ 190, *et seq.*

    The case was brought by two (2) individuals for unpaid overtime compensation. It was framed as a collective action but no other individuals are

affected by the settlement as the case is resolving early in the litigation and for the named plaintiff and one opt-in plaintiff only; no collective action was certified.

Oswaldo Navarrete worked as a butcher at El Popo, a market in the Jackson Heights neighborhood of Queens. He generally worked ten (10) hours per shift, six (6) days per week, for a total of sixty (60) working hours per week. Mr. Navarrete began his employment in September 2020 and ended it in April 2022, so the relevant period of time is the entire period of his employment. Throughout the relevant period, Oswaldo's alleged that he was paid a weekly cash salary which ranged from $800.00 to $1,000.00 per week. He claimed that he was not paid hourly and was owed overtime compensation. The employer had records which contradicted the claim and made the originals available to counsel for inspection. They looked authentic, if not perfect. Simply stated, the case presented risks to all parties.

Amadeo Evaristo de la Cruz worked June 2021 through May 2022. He worked approximately seventy (70) hours per week and was paid $950.00. He pressed a similar claim.

The parties had productive settlement negotiations and negotiated in good faith and at arms-length and were at all times represented by counsel experienced in wage and hour litigation. The court facilitated the negotiations by entering an order for exchange of information and mediation, with which the parties complied. The mediation was not successful but after it failed we came to court for an in-person session with Your Honor, who assisted the parties to reach a resolution.

To compromise the claim, after productive and good faith negotiations, the parties agreed to resolve the case for $38,500 in eleven (11) installments, the first due twenty-one (21) days after approval and continuing monthly thereafter. The parties request that the court dismiss the case and as discussed, the court will retain jurisdiction to reopen the case in the unlikely event of default.

The proposed distribution of the settlement proceeds is $14,050 to plaintiff Oswaldo Navarrete; $11,056.00 to plaintiff Amadeo de la Cruz; $12,550 in attorneys' fees; and $844.00 as reimbursement of costs.

Plaintiffs expressed satisfaction with the proposed resolution of this matter and the representation they received by our office.

Had litigation proceeded, it is certain that attorneys' fees on both sides would have increased, but the plaintiffs may not have fared better by proceeding in the litigation. Indeed, depending on whether the payroll records were accepted as valid and accurate, the trier of fact may have determined that plaintiffs weres not entitled to recover any owed overtime compensation. In our experience, the settlement reached

certainly falls within the range of "reasonableness" in a case like this. Considering the risks to plaintiffs and mindful of the amount in dispute, counsel jointly submit that this settlement is fair and reasonable under the common application of such analysis.

Moreover, we respectfully submit that the settlement is unquestionably the product of arms-length negotiations between the parties during litigation. The parties' proposed settlement agreement is annexed hereto as Exhibit "A". As the court can observe, the release is narrowly drawn, and there is no confidentiality provision. While the Second Circuit's ruling in *Cheeks v. Freeport Pancake House, Inc.* did not outline specific factors for approving a settlement, certain red-flag issues were identified, such as confidentiality, general releases and attorneys' fees over 40%. 796 F.3d at 206. The settlement agreement in this case contains no such red-flags.

**Attorneys' fees**

Both the FLSA and the Labor Law provide for awards of attorneys' fees and costs to plaintiffs who prevail on their claims under those statutes. *See* 29 U.S.C. § 216(b) In the case at bar, prosecution of this matter began with drafting and filing of the complaint; reviewing payroll records and preparing damages analyses; formal mediation and multiple negotiation sessions including at the United States Courthouse, continues with this submission and will continue until the last payment is received one year from now. Mr. Cooper did not bill for all tasks but his billing entries demonstrate more than thirty (30) hours of attorney time litigating the case to date.

Plaintiff's attorney Peter H. Cooper, Esq. was admitted to the Eastern District of New York in July 1997. He has litigated cases from inception through disposition in New York State Supreme Court, the Appellate Divisions of the New York Supreme Court, and the Federal District Courts for the Southern and Eastern Districts of New York. He has also appeared before the New York Court of Appeals. Mr. Cooper began his career as a litigation associate with the firm Martin, Clearwater and Bell. Since 2009, he has been a partner at Cilenti & Cooper, PLLC, which focuses on employment matters. As evidenced in the attached billing records, all work performed on this matter was conducted by Peter Cooper and his assistant Marcela Cardoso, whose billable rates for this case are $400.00 per hour and $100.00 per hour, respectively. We respectfully submit that these rates are in line with Mr. Cooper's level of experience and a law practice located in the Southern District. Cilenti & Cooper, PLLC respectfully submits its invoice for legal services, annexed as Exhibit "B". Cilenti & Cooper, PLLC's proposed fee represents one-third of the total settlement, net of costs, and represents a reduction of actual fees and reimbursement of expenses were it to bill this matter on an hourly basis. A copy of the firm's retainer translated into English is annexed as Exhibit "C".

Moreover, recognizing the "significant risks" undertaken by attorneys who work on contingency, the New York State Court of Appeals has upheld contingency agreements of one-third. *See In Re: Lawrence*, 2014 WL 5430622 (NY October 28, 2014); *Castaneda v. My Belly's Playlist LLC*, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation).

We also provide a proposed stipulation of dismissal; counsel and the parties are available to respond to any inquiries of the court.

On behalf of all parties and counsel we thank the court for its consideration of the case and for helping the parties reach a settlement.

                                          Respectfully,

                                          /s/ Peter Hans Cooper

                                          Peter H. Cooper

cc:     All Counsel